UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

RHONDA L. HAUCK,

              Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

No. 4:16-CV-05085-SMJ

**ORDER GRANTING PLAINTIFF'S SUMMARY JUDGMENT MOTION, DENYING DEFENDANT'S SUMMARY JUDGMENT MOTION, AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Before the Court, without oral argument, are cross-summary-judgment motions. ECF Nos. 13 & 15. Plaintiff Rhonda L. Hauck appeals the Administrative Law Judge's (ALJ) denial of benefits. ECF No. 13. Hauck contends the ALJ erred in (1) omitting severe impairments from step two of the inquiry, (2) improperly rejecting Hauck's testimony as not credible, and (3) improperly weighing medical evidence and witness testimony. ECF No. 13 at 5–20. The Commissioner of Social Security ("Commissioner") asks the Court to affirm the ALJ's decision. ECF No. 15 at 2.

After reviewing the record and relevant authority, the Court is fully informed. For the reasons set forth below, the Court grants Plaintiff's motion,

ORDER **-** 1

denies the Commissioner's motion, and remands for further administrative proceedings.

## I.     STATEMENT OF FACTS[1]

Rhonda L. Hauck was born on February 24, 1953. Tr. 242. She was 58 years old at the date of alleged disability onset on May 1, 2011. Tr. 19, 242. Since the alleged onset date, Plaintiff alleges she has been unable to sustain employment on a regular and continuing basis due to a combination of impairments, including: fibromyalgia, osteoarthritis, chronic back pain, COPD, sleep apnea, restless leg syndrome, piriformis syndrome, and depression. Tr. 275; ECF No. 13 at 6–11.

## II.     PROCEDURAL HISTORY

Hauck applied for Social Security Disability benefits on June 21, 2011, alleging an onset date of May 1, 2011. Tr. 242. The application was denied initially and on reconsideration, and Hauck requested a hearing, which was held before Administrative Law Judge (ALJ) Ruperta M. Alexis on November 14, 2012. Tr. 36, 117–26. The ALJ upheld the denial of Hauck's application for benefits, concluding Hauck could perform past relevant work as an accounts payable clerk. Tr. 125–26.

---

[1] The facts are only briefly summarized. Detailed facts are contained in the administrative hearing transcript, the ALJ's decision, and the parties' briefs.

Hauck appealed the ALJ's decision to the Appeals Council, which vacated the ALJ's ruling. Tr. 132–33. The Appeals Council remanded the case back to the ALJ for further proceedings because the ALJ's finding that Hauck had moderate functional limitations in concentration, persistence, or pace did not support the ALJ's conclusion that Hauck could understand and perform detailed and complex tasks and instructions. Tr. 132.

Upon remand, the ALJ once again found Hauck not disabled. Tr. 20. Hauck appealed the ALJ's second denial, but the Appeals Council determined there was no reason to review the decision, making the ALJ's decision the Commissioner's final decision on the matter. Tr. 1. Hauck then filed the current action in this Court requesting review of the ALJ's decision. ECF No. 1.

### III.     DISABILITY DETERMINATION

A "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The decision-maker uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

Step one assesses whether the claimant is engaged in substantial gainful activities. If she is, benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If she is not, the decision-maker proceeds to step two.

Step two assesses whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not, the disability claim is denied. If the claimant does, the evaluation proceeds to the third step.

Step three compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1, 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment does not, the evaluation proceeds to the fourth step.

Step four assesses whether the impairment prevents the claimant from performing work she has performed in the past by examining the claimant's residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, she is not disabled. If the claimant cannot perform this work, the evaluation proceeds to the fifth step.

Step five, the final step, assesses whether the claimant can perform other work in the national economy in view of her age, education, and work

experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Bowen v. Yuckert*, 482 U.S. 137 (1987). If the claimant can, the disability claim is denied. If the claimant cannot, the disability claim is granted.

The burden of proof shifts during this sequential disability analysis. The claimant has the initial burden of establishing a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The burden then shifts to the Commissioner to show 1) the claimant can perform other substantial gainful activity, and 2) that a "significant number of jobs exist in the national economy," which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). A claimant is disabled only if her impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

### IV. STANDARD OF REVIEW

The Court must uphold an ALJ's determination that a claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision. *Molina v. Astrue,* 674 F.3d 1104, 1110 (9th Cir. 2012) (citing *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir.1985)). "Substantial evidence 'means such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion.'" *Id.* at 1110 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). This must be more than a mere scintilla, but may be less than a preponderance. *Id.* at 1110–11 (citation omitted).

Even where the evidence supports more than one rational interpretation, the Court must uphold an ALJ's decision if it is supported by inferences reasonably drawn from the record. *Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

## V. ANALYSIS

### A. The ALJ erred at Step 2.

The ALJ concluded that several of the medically determinable impairments were not severe at Step 2 of the Disability Determination process, including depression, trochanteric bursitis, and chronic airway obstruction. Tr. 22. Hauck alleges that finding these impairments not severe was harmful error because there is substantial evidence to support finding these impairments severe. ECF No. 13 at 6–11. Hauck also argues that the ALJ committed reversible error because: (1) the ALJ's 2014 decision concluded that Hauck's depression was no longer a moderate limitation, as the ALJ had found in 2012, but rather a mild limitation, ECF No. 13 at 6–9; and (2) the ALJ did not discuss Hauck's piriformis syndrome, sleep apnea, or restless leg syndrome at all in the written decision. ECF No. 13 at 9–11.

In opposition, the Commissioner argues that Hauck offers her own view of the evidence related to her depression, ECF No. 15 at 3–5, and that the ALJ's failure to identify Hauck's diagnosis of piriformis syndrome, sleep apnea, and restless leg syndrome is harmless error because she later explained why the symptoms related to these conditions were not disabling and she could work, ECF No. 15 at 5–6.

A severe impairment is, "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities." 20 CFR § 404.1520(c). It is uncontested that Hauck was diagnosed with piriformis syndrome, sleep apnea, and restless leg syndrome diagnoses. Indeed, the record reflects it. *See, e.g.*, Tr. 497, 500, 506. An ALJ errs at Step 2 of the analysis when he or she disregards a claimant's diagnosis, fails to provide "specific and legitimate reasons" for rejecting a treating doctor's conclusions, and therefore does not consider whether a diagnosis constitutes a severe impairment. *Black v. Astrue*, 472 Fed. App'x 491, 492–93 (9th Cir. 2012) (citing *Lester v. Chater*, 81 F. 3d 821, 830–31 (9th Cir. 1995)). Such error can be rendered harmless when an ALJ subsequently extensively discusses a claimant's diagnosis and considers any limitations posed by said diagnosis at Step 4 of the analysis. *Lewis v. Astrue*, 498 F. 3d 909, 911 (9th Cir. 2007) (finding that ALJ committed

harmless error by failing to consider a bursitis diagnosis at Step 2 when the ALJ extensively considered the diagnosis's limitations at Step 4).

Here, nowhere in the ALJ's written decision does she recognize that Hauck was diagnosed with these three conditions. The Court is persuaded by the *Black* court's reasoning that substantial evidence does not support an ALJ's conclusion that a diagnosis "is not a severe impairment in the absence of any mention of the disorder." *Black*, 472 Fed. App'x at 493. Though the ALJ's written decision does discuss some of the symptoms associated with piriformis syndrome, for example, her discussion falls short of providing "specific and legitimate" reasons for rejecting the treating doctor's conclusions related to the three conditions noted above. This Court, therefore, cannot determine whether the "ALJ's omission was inconsequential to the ultimate nondisability determination." *Black*, 472 Fed. App'x at 493 (citation and quotation marks omitted).

Accordingly, the Court finds that the ALJ committed reversible error.

## VI. CONCLUSION

Because the ALJ erred at Step 2, the Court remands for further administrative proceedings with instructions to consider all of the evidence. The Court does not reach Hauck's other claims regarding the ALJ's alleged errors.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.

2. The Commissioner's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

3. The case is **REMANDED** to the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g) for further proceedings consistent with this order.

4. **JUDGMENT** is to be entered in Plaintiff's favor.

5. The case shall be **CLOSED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 8th day of August 2017.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER - 9